UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al.,[1] | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 1271 JMB |
| | ) | |
| JOHNED, INC. and EDWARD BENSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Order and to Compel an Accounting against Defendants JohnEd, Inc. and Edward Benson ("Defendants"). (ECF No. 11) Plaintiffs seek entry of default judgment in an amount of $5,143.93, as well as an accounting of corporate records for the period of January 1, 2015, through the present date. Plaintiff's requested recovery includes attorneys' fees and costs incurred in this action during the period between April 1, 2017, and July 7, 2017.

**I.      Factual Background**

Plaintiffs in this action are a union and several funds—Painters District Council No. 58 ("the Union"), and St. Louis Painters Pension Trust, St. Louis Painters Welfare Trust, St. Louis Painters Vacation Trust, and the Painters District Council No. 2 Apprenticeship and Journeyman Training Trust (collectively "the Funds"). Plaintiffs filed this action on April 7, 2017, with the Union filing under the Labor Management Relations Act, 29 U.S.C. § 185, and

---

[1] Plaintiffs are Painters District Council No. 58, Gregg Smith, *in his capacity as Business Manager of Painters District Council No, 58*, St. Louis Painters Pension Trust, St. Louis Painters Welfare Trust, St. Louis Painters Vacation Trust, Painters District Council No. 2 Apprenticeship and Journeyman Training Trust, *by and through*, Gregg Smith, David Doerr, Rich Lucks, Joseph F. Mueller, Carl Farrell, Donald Thomas, Daniel Wienstroer, Michael Smith, Walter Bazan, Jr., Steve Phillipp, Jr., Mark Borgmann, Dane McGraw, Joseph Keipp, Tim Weis, Fred Phillipp, Jr., *in their capacities as trustees* (collectively referred to as "Plaintiffs").

the Funds filing under the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1132. (ECF No. 1 at ¶¶ 3-15) In the Complaint, Plaintiffs allege that Defendant JohnEd, Inc., failed to (1) accurately account to and fully pay several employee benefit funds, (2) remit deducted dues, and (3) make contributions to trust funds under the collective bargaining agreement between JohnEd, Inc. and its employees' union. (Id. at ¶¶ 15-47, 58-61) Plaintiffs further allege that Defendant Edward Benson should be held liable for Defendant JohnEd, Inc.'s violations and breaches by virtue of his personal guaranty. (Id. at ¶¶ 55-61)

Although Defendants were served on April 18, 2017, neither Defendant has filed an answer or otherwise entered an appearance. (ECF Nos. 3 and 4) On May 19, 2017, the Clerk of Court entered an Order of Default against Defendants. (ECF No. 7) Defendants have not moved to set aside the default. The Court ordered Plaintiffs to file appropriate motions for entry of default and for default judgment, supported by all necessary affidavits and documentation, by July 7, 2017. (ECF No. 8)

**II.     Legal Standard**

Under Fed. R. Civ. P. 55(a), a court may enter a default judgment for failure "to plead or otherwise defend." "Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violation of court rules, contumacious conduct, or intentional delays'" Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) (quoting United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993)). Although default judgments are disfavored under the law, Harre, 983 F.2d at 130, "entry of default judgment … is an appropriate exercise of a court's discretion for a party's repeated failure to comply with court orders due to willfulness or bad faith." Monsanto Co. v. Hargrove, 2011 WL 93718, at * 2 (E.D. Mo. Jan. 11, 2011) (citation omitted). When the Clerk of the Court has entered default judgment against a defendant, the "allegations of the complaint except as to the amount of damages are taken as true." Mueller v. Jones, 2009 WL 500837, at *1 n. 2 (E.D. Mo. Feb 27,

2009). Further, '[a] party seeking damages under a default judgment must … prove its rights to such damages with affidavits or other supporting documentation." Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc., 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted). See Fed.R.Civ.P. 8(b)(6) (stating that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.") (citations omitted).

**III.     Discussion**

In deciding the instant motion for default judgment, the Court accepts as true the factual allegations set forth in Plaintiffs' Complaint together with the affidavits presented in Plaintiffs' motion and memorandum in support as they relate to Plaintiffs' damages and prayer for relief. Defendant JohnEd, Inc. has failed to accurately account to and fully pay several employee benefit funds, remit deducted dues, and make contributions to trust funds under the collective bargaining agreement between JohnEd, Inc. and its employees' union. (ECF No. 1 at ¶¶ 15-47, 58-61; Affidavit of Gregg Smith at ¶¶ 12-14, 16-17 exhibits 1, 3, 5, and 10 attached thereto; Affidavit of Stefanie Sneed at ¶¶ 5-8) Defendant Edward Benson can be held liable for Defendant JohnEd, Inc.'s violations and breaches by virtue of his personal guaranty. (ECF No. 1 at ¶¶ 55-61; Smith Aff. at ¶¶ 55-56) Based on those allegations and affidavits, the Court finds that Plaintiffs are entitled to the relief requested.

Plaintiffs also seek an accounting covering the time period of January 1, 2015, to the present under the parties' trust documents, collective bargaining agreement, and ERISA-based common law. ERISA entitles Plaintiffs to audit Defendants' books and check their payroll records and thereafter recover a sum equivalent to the amounts that should have been contributed on an hours-worked basis. See Central States, Se. and Sw. Areas Pension Fund v. Central Transp., Inc. 472 U.S. 559, 565-66 (1985) (finding that the power of trustees to administer the trust entitle them to "demand and examine employer records.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Order and to Compel an Accounting (ECF No. 11) is **GRANTED**. Plaintiffs are awarded default judgment against Defendants, jointly and severally, for a total of $5,143.93,[2] upon which Plaintiffs may immediately execute. Plaintiffs are further granted their requested accounting of Defendants' corporate records, including individual compensation records, payroll registers, payroll journals, time-cards, federal and state tax forms, W-2 forms and 1099 forms, state quarterly tax returns, workers compensation reports, fringe benefits records and reports, job cost records, general ledger with cash disbursements and supporting documents, accounts receivables, invoices, and check stubs for the period of January 1, 2015, through the present date. Within thirty (30) days of the date of this Court's Order, Defendants shall permit Plaintiffs to conduct the accounting of Defendants' corporate records and submit to the requested financial examination. Plaintiffs are required to sever a copy of this Default Order upon Defendants and to file an affidavit demonstrating compliance with this Default Order when the subsequent motion for default judgment is filed.

**IT IS FURTHER ORDERED** that not later than September 15, 2017, Plaintiffs shall file with the Court a report regarding the status of Defendants' compliance with this Order.

The Court reserves jurisdiction to make such further orders and grant such additional relief, including but not limited to the entry of partial and final judgments, as it deems appropriate.

---

[2] This amount includes $2,759.80 in principal deduction and contribution damages, $1,284.90 in outstanding liquidated damages on the unpaid contributions and deductions, and $1,099.23 in attorneys' fees and costs for the period between April 1 and July 7, 2017.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2017.