UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al.,[1] ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17 CV 1271 JMB |
| ) | |
| ) | |
| JOHNED, INC. and EDWARD BENSON, ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment against Defendants JohnEd, Inc. and Edward Benson (collectively "Defendants"). (ECF No. 25) Plaintiffs seek entry of default judgment in the amount of $45,687.43. Plaintiffs' requested recovery includes delinquent contributions, liquidated damages, audit costs, attorneys' fees and costs incurred in this action during the period between January 1, 2015, and August 31, 2017.

**I.     Factual Background**

Plaintiffs in this action are union and several funds – Painters District Council No. 58 ("the Union"), and St. Louis Painters Pension Trust, St. Louis Painters Welfare Trust, St. Louis Painters Vacation Trust, and the Painters District Council No. 2 Apprenticeship and Journeyman

---

[1] Plaintiffs are Painters District Council No. 58, Gregg Smith, *in his capacity as Business Manager of Painters District Council No. 58*, St. Louis Painters Pension Trust, St. Louis Painters Welfare Trust, St. Louis Painters Vacation Trust, Painters District Council No. 2 Apprenticeship and Journeyman Training Trust, *by and through*, Gregg Smith, David Doerr, Rich Lucks, Joseph F. Mueller, Carl Farrell, Donald Thomas, Daniel Wienstroer, Michael Smith, Walter Bazan, Jr., Steve Phillipp, Jr., Mark Borgmann, Dane McGraw, Joseph Keipp, Tim Weis, Fred Phillipp, Jr., *in their capacities as trustees* (collectively referred to as "Plaintiffs").

1

Training Trust (collectively "the Funds"), and individual Plaintiffs, the Joint Board of Trustees of the Pension Trust.

Plaintiffs filed this action on April 7, 2017, with the Union filing under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Funds filing under the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1132. (ECF No. 1 at ¶¶ 3-15) In the Complaint, Plaintiffs allege that Defendant JohnEd Inc., ("JohnEd"), an employer and a signatory to and/or bound by a collective bargaining agreement ("CBA") failed to (1) accurately account to and fully pay several employee benefit funds, (2) remit deducted dues, and (3) make contributions to trust funds under the CBA between JohnEd, and its employees' union. (Id. at ¶¶ 15-47, 58-61) Plaintiffs further allege that Defendant Edward Benson ("Benson") should be held liable for JohnEd's violations and breaches by virtue of his personal guaranty. (Id. at ¶¶ 55-61; ECF No. 25-5)

Although Defendants were served on April 18, 2017, neither Defendant has filed an answer or otherwise entered an appearance. (ECF Nos 3 and 4) On May 19, 2017, the Clerk of the Court entered an Order of Default against Defendants. (ECF No. 7) Defendants have not moved to set aside the default. The Court ordered Plaintiffs to file appropriate motions for entry of default and for default judgment, supported by all necessary affidavits and documentation, by July 7, 2017. (ECF No. 8) On August 18, 2017, the Court ordered JohnEd to submit to an accounting of corporate records for a period of January 1, 2015, through August 18, 2017, and granted Plaintiffs' motion for default order and awarded default judgment against Defendants, jointly and severally, for a total of $5,143.93 and ordered the requested accounting. (ECF Nos. 16-17)

The Court ordered accounting from January 1, 2015, through August 18, 2017, showed JohnEd owed $33,828.64 in principal contributions, $6,765.50 in liquidated damages, and $1,725.81 in audit costs. (ECF 25-4; Kinder Affidavit at ¶ 10) The attorneys' fees and costs are $3,367.48. (Gladney Affidavit at ¶¶ 6-7)

II.     **Legal Standards**

Plaintiffs seek to recover unpaid employees benefit contributions, liquidated damages, attorneys' fees, and costs under ERISA. 29 U.S.C. §§ 1132 and 1145. Plaintiffs also seek to recover unpaid union dues and contributions, liquidated damages, and attorneys' fees and costs under the LMRA, 29 U.S.C. § 185. Section 1145 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Section 1132(g)(2) provide for wards in actions by a fiduciary for or on behalf of a plan to enforce § 1145. The plaintiff bears the burden of proving damages in an ERISA action. Greater St. Louis Const. Laborers Welfare Fund v. AGR Const. Co., 2010 WL 4319349, at *2 (E.D. Mo. Oct. 22, 2010).

"A union may bring [a] breach of contract claim against an employer for unpaid contributions in federal court pursuant to section 301 of the LMRA, see 29 U.S.C. § 185, and courts must apply general principles of contract law in interpreting the parties' agreement." Painters Dist. Council No. 2 v. Anthony's Painting, LLC, 2011 WL 4369283, at *5 (E.D. Mo. Sept. 19, 2011); see also Trustees of I.B.E.W. Local 405 Health & Welfare Fund v. Affordable Elec., Inc., 2009 WL 54559, at *3 (N.D. Iowa Jan. 7, 2009) ("Liability and damages for a § 185

claim are governed by the terms of the contract, *e.g.*, a collective bargaining agreement." (quotation marks omitted)).

The CBA's terms obligate JohnEd to pay wages to all employees covered by the CBA, make weekly reports on all covered employees showing the number of hours worked and the gross wages of each employee, to contribute on a weekly basis to the Trusts and to remit Union dues to the Union. (ECF No. 1 at ¶¶ 33-44) Bound by the CBA, JohnEd is required to pay liquidated damages, Plaintiffs' attorneys' fees, and costs incurred in an action to collect delinquent contributions and Union dues. (Id. at ¶¶ 60-64)

Benson is personally liable to Plaintiffs for all amounts Defendants owe in this case based on the personal guaranty he signed. (ECF No. 25-5); see, e.g., Painters Dist. Council No. 58 v. RDB Universal Servs., LLC, 2016 WL 1366600, at *6-7 (E.D. Mo. Apr. 6, 2016). Accordingly, any amount owed is owed by both Defendants, jointly and severally. The findings of a payroll examination are presumptively valid. See Painters Dist. Council 2 v. Grau Contracting, Inc., 2012 WL 2848708, at *1 (E.D. Mo. July 11, 2012) ("With respect to damages in an action for delinquent fringe benefit contributions, the findings of a plaintiff's accountant are deemed presumptively valid."); Greater St. Louis Const. Laborers Welfare Fund v. H2K Const., LLC, 2010 WL 2640192, at *1 (E.D. Mo. June 28, 2010) (noting that findings of plaintiffs' accountants are presumptively valid and employer has burden of producing evidence countering the audit). In Charles Kinder's affidavit, Plaintiffs presented averments from the accountant who conducted the payroll examinations.

### III. Discussion

In deciding the instant motion for default judgment, the Court accepts as true the factual allegations set forth in Plaintiffs' Complaint together with the affidavits presented in Plaintiffs'

4

motion and memorandum in support as they relate to Plaintiffs' damages and prayer for relief. JohnEd has failed to accurately account to and fully pay several employee benefit funds, remit deducted dues, and make contributions to trust funds under the CBA between JohnEd and its employees' union. (ECF No. 1 at ¶¶ 15-47, 58-61; Affidavit of Charles M. Kinder at ¶ 10) Benson can be held liable for JohnEd's violations and breaches by virtue of his personal guaranty. (ECF Nos. 1 at ¶¶ 55-61; 25-5; Kinder Affidavit at ¶ 10) JohnEd has become delinquent to Plaintiffs and Benson has not satisfied JohnEd's breach. Based on those allegations and affidavits, the Court finds Plaintiffs are entitled to the relief requested. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Default Judgment (ECF No. 25) is GRANTED. Plaintiffs are awarded default judgment against Defendants, jointly and severally, for a total of $45,687.43,[2] upon which Plaintiffs may immediately execute. Plaintiffs are required to serve a copy of this Default Order upon Defendants and to file an affidavit demonstrating compliance with this Default Order.

The Court reserves jurisdiction to make such further orders and grant such additional relief, including but not limited to the entry of partial and final judgments, as it deems appropriate.

Dated this 7th day of January, 2019.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[2] This amount includes $33,828.64 in principal deduction and contribution damages, $6,765.50 in outstanding liquidated damages on the unpaid contributions and deductions, $1,725.81 in audit costs, and $3,367.48 in attorneys' fees.