UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al.,[1] | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 4:17 CV 1271 JMB |
| | ) |
| | ) |
| JOHNED, INC. and EDWARD BENSON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Edward Benson's ("Benson") Renewed Objection to Deposition Notice and Motion to Quash (ECF No. 54). The time for filing a responsive pleading has not passed but the deposition Benson seeks to quash is noticed for February 11, 2021.

In a further attempt to satisfy their judgment, Plaintiffs served a Notice of Rule 69 Deposition (ECF No. 54-1), seeking to depose Benson, individually and as an officer of Johned, Inc., regarding a range of topics related to their efforts to collect their judgment in the amount of $45,687.43. (ECF No.28) Rule 69(a)(1) provides that a deposition in aid of execution of a judgment "must accord with the procedure of the state where the court is located." Fed.R.Civ.P.

---

[1] Plaintiffs are Painters District Council No. 58, Gregg Smith, *in his capacity as Business Manager of Painters District Council No. 58*, St. Louis Painters Pension Trust, St. Louis Painters Welfare Trust, St. Louis Painters Vacation Trust, Painters District Council No. 2 Apprenticeship and Journeyman Training Trust, *by and through*, Gregg Smith, David Doerr, Rich Lucks, Joseph F. Mueller, Carl Farrell, Donald Thomas, Daniel Wienstroer, Michael Smith, Walter Bazan, Jr., Steve Phillipp, Jr., Mark Borgmann, Dane McGraw, Joseph Keipp, Tim Weis, Fred Phillipp, Jr., *in their capacities as trustees* (collectively referred to as "Plaintiffs").

69(a)(1). Accordingly, Plaintiffs' efforts to execute upon its judgment and proceedings supplementary to and in aid of judgment or execution must comply with the applicable provisions of Missouri law.

There is very little published Missouri case law on this issue.  In Missouri, Rule 76.27 provides that "[w]hen an execution is returned unsatisfied, the judgment creditor may petition the court which rendered the judgment to enter an order requiring the judgment creditor to appear and be examined under oath concerning his means of satisfying the judgment."  Rule 76.27 Mo.R.Civ.P.  Further, the scope of such examination is limited to "matters, not privileged, that are relevant to the discovery of assets, including insurance, or income subject to execution or garnishment for the satisfaction of judgments."  Rule 76.28 Mo.R.Civ.P.

In State ex rel. Rowland Group, Inc. v. Koehr, 831 S.W.2d 930, 932 (Mo. 1992) (en banc), the Missouri Supreme Court explained that:

> The judgment debtor examination is a supplementary proceeding, summary in nature…. The principal purpose of a judgment creditor examination is to discover assets, to compel the defendant in execution to disclose under oath all the assets of his estate, and, after this discovery, to authorize the court to say whether or not the debtor has assets that may be levied on by execution in favor of the judgment creditor…. A related purpose is to disclose fraudulently concealed property to that it may properly be subjected to the payment of a just debt.

Id. (internal citations omitted)

Here, Plaintiffs, judgment creditors, have not filed a motion requesting the Court to direct a judgment creditor to appear and be examined under oath.  Benson's Renewed Objection to Deposition Notice and Motion to Quash (ECF No. 54) shall be granted without prejudice.  The Court directs that the parties to work together to resolve the need to take Benson's deposition.  Accordingly,

2

**IT IS HEREBY ORDERED** that Defendant Edward Benson's Renewed Objection to Deposition Notice and Motion to Quash (ECF No. 54) is GRANTED without prejudice. The notice of taking deposition of Benson on February 11, 2021, is quashed.

        /s/ *John M. Bodenhausen*
        JOHN M. BODENHAUSEN
        UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of February, 2021.