UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al.,[1] ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17 CV 1271 JMB |
| ) | |
| ) | |
| JOHNED, INC. and EDWARD BENSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration (ECF No. 57) of the February 9, 2021, Memorandum and Order, granting Defendant Edward Benson's ("Benson") Renewed Motion to Quash his Deposition (ECF No. 56). In that Order, the Court noted that the time for filing a responsive pleading had not passed but Benson's deposition was noticed for February 11, 2021, a date prior to the responsive pleading deadline. In the instant motion, Plaintiffs seek to take a post-judgment deposition of Benson in aid of execution of their judgment. For the

---

[1] Plaintiffs are Painters District Council No. 58, Gregg Smith, *in his capacity as Business Manager of Painters District Council No. 58*, St. Louis Painters Pension Trust, St. Louis Painters Welfare Trust, St. Louis Painters Vacation Trust, Painters District Council No. 2 Apprenticeship and Journeyman Training Trust, *by and through*, Gregg Smith, David Doerr, Rich Lucks, Joseph F. Mueller, Carl Farrell, Donald Thomas, Daniel Wienstroer, Michael Smith, Walter Bazan, Jr., Steve Phillipp, Jr., Mark Borgmann, Dane McGraw, Joseph Keipp, Tim Weis, Fred Phillipp, Jr., *in their capacities as trustees* (collectively referred to as "Plaintiffs").

1

reasons outlined below, the motion to reconsider is granted, and Benson's deposition shall go forward via videoconference within sixty days of this Order.

**I.      Background**

Plaintiffs filed this action on April 7, 2017, alleging that Defendant JohnEd, Inc. ("JohnEd"), an employer and signatory to and/or bound by a collective bargaining agreement failed to (1) accurately account to and fully pay several employee benefit funds, (2) remit deducted dues, and (3) make contributions to trust funds.  (ECF No. 1 at ¶¶ 15-47, 58-61)  Plaintiffs further allege that Benson should be held liable for JohnEd's violations and breaches by virtue of his personal guaranty.  (Id. at ¶¶ 55-61; ECF No. 25-5)

Although Defendants were served on April 18, 2017, neither Defendant has filed an answer.  On May 19, 2017, the Clerk of the Court entered an Order of Default against Defendants.  (ECF No. 7)  Defendants have not moved to set aside the default judgment.  On January 7, 2019, the Court awarded default judgment against Defendants, jointly and severally, for a total of $45,687.43.  (ECF No. 27)

In attempt to satisfy their judgment, Plaintiffs served a Notice of Rule 69 Deposition (ECF No. 54-1), seeking to depose Benson, individually and as an officer of JohnEd, Inc., regarding a range of topics related to their efforts to collect their judgment in the amount of $45,687.43.  (ECF No.28)

**II.     Discussion**

"A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending."  Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015).  "District courts have substantial discretion in ruling on motions for reconsideration.  However, in general, '[m]otions for reconsideration serve

2

a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence.'"  Boswell v. Panera Bread Co., 2016 WL 1392066, at *2 (E.D. Mo. Apr. 8, 2016 (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)).

Rule 69(a)(1) provides that a deposition in aid of execution of a judgment "must accord with the procedure of the state where the court is located."  Fed.R.Civ.P. 69(a)(1).  Although Rule 69(a)(1) clearly mandates adherence to most state law execution procedures, the next provision of the rule provides that "[i]n aid of the judgment or execution, the judgment creditor … may obtain discovery from any person – including the judgment creditor – in the manner provided in these rules or by the procedure of the state where the court is located."  Fed.R.Civ.P. 69(a)(2).

Plainitffs ask the Court to reconsider the February 9, 2021, Memorandum and Order, applying state law before their time for filing responsive pleading passed.  The Court finds the orders at issue here, granting without prejudice a motion to quash a subpoena and to reconsider its ruling on the motion to quash, are discovery orders which are generally considered not final and not immediately appealable.  See, e.g., In re Grand Jury Subpoenas, 472 F.3d 990 (8th Cir. 2007); Borntrager v. Central States, Southeast and Southwest Areas Pension Fund, 425 F.3d 1087, 1093 (8th Cir. 2005).

Here, Plaintiffs, judgment creditors, seek to depose Benson, under oath, as a judgment creditors, electing to conduct post-judgment under Rule 69(a)(2).  In this case, Plainitffs elect to use federal procedure rules for its post-judgment discovery regarding Benson.  Rule 69(a)(2) clearly provides that "the judgment creditor … may obtain discovery from any person" and the scope of such discovery is broad and should be liberally construed.  "The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or otherwise beyond the reach of execution."  12 Charles A. Wright

& Arthur R. Miller, Federal Practice & Procedure § 3014 (3d ed. 2020 update).  "The scope of examination is very broad, as it must be if the procedure is to be of any value."  Id.

The party seeking discovery has the burden of making a threshold showing of relevance.  See Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).  Once that burden has been met, the burden shifts to the party seeking to resist the discovery.  The Court's initial ruling on this matter, based on the incomplete briefing and impending deposition scheduled, did not address whether some threshold of relevance of the information sought had been made.  The Court finds that the requested deposition properly falls within the scope of permissible discovery sanctioned by the Federal Rules of Civil Procedure.  See, e.g., Fed.R.Civ.P. 26(b)(1); YCB Int'l, Inc. v. UCF Trading Co., Ltd., 2014 WL 1173353, at *2 (N.D. Ill. Jan. 13, 2014) ("The rules mentioned in Rule 69(a)(2) are the federal rules governing pre-trial discovery.").  Here, Plaintiffs have satisfactorily demonstrated that the information sought is relevant to the collection of any outstanding judgment and is reasonably calculated to lead to the discovery of assets to aid in the satisfaction of the outstanding judgment.  Accordingly,

**IT IS HEREBY ORDERED**  that Plaintiffs' Motion for Reconsideration  (ECF No. 57) is GRANTED.  The previously noticed deposition of Benson, in his capacity as an individual defendant and a corporate officer of JohnEd to discover assets to satisfy the outstanding judgment owed, shall occur through videoconference within sixty days of this Order.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of August, 2021.